UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WALTER BROWN,

        Plaintiff,

    v.

CRAIG A. LOWE, et al.,

        Defendants.

CIVIL ACTION NO. 1:15-CV-02373

(KANE, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

    This 42 U.S.C. § 1983 civil rights action was initiated by the filing of a complaint in this matter by *pro se* prisoner-Plaintiff Walter Brown. (Doc. 1). Along with his complaint, Brown filed three motions to proceed *in forma pauperis* (Doc. 2; Doc. 6; Doc. 10), which the Court has granted in an Order entered concurrently with this Report and Recommendation. Brown alleges violations of his due process rights as well as his First Amendment right of access to the courts against Pike County Correctional Facility Defendants Warden Craig A. Lowe, Sergeant Frawley, and Grievance Coordinator E. Wenzel. (Doc. 1, at 3). The Court has conducted its statutorily-mandated screening review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). For the reasons provided herein, it is respectfully recommended that the action be dismissed without leave to amend and Brown be issued a strike.

**I.    BACKGROUND**

    Brown's complaint, which provides minimal detail, premises the above-named Defendants' liability on the delay in receiving his legal mail while awaiting trial at the Pike County Correctional Facility. (Doc. 1, at 3). Specifically, Brown alleges that on December 30, 2013, approximately two months after being transferred back to Pike County Correctional

Facility from another facility, Sergeant Graham informed Brown that he had a large amount of legal mail from the past few months that never reached him. (Doc. 1-1, at 1). Brown insists that his legal mail was improperly withheld from him. (Doc. 1, at 3). Further, Brown contends that some of his legal mail had been opened prior to his receipt. (Doc. 1, at 3). As a result of this alleged due process violation, Brown asserts that he lost certain legal rights with respect to his underlying criminal proceedings on account of not being able to respond to or file pre-trial motions and petitions in a timely fashion. (Doc. 1, at 3). In particular, Brown claims that the delay in receiving his mail cost him the opportunity to decide whether to accept a plea agreement offered by the Commonwealth of Pennsylvania in his criminal matter.[1] (Doc. 1, at 3). Brown seeks both monetary and injunctive relief for his alleged constitutional injuries (Doc. 1, at 5), and states that he properly exhausted his claims through the prison grievance system. (Doc. 1, at 4).

This matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1), to screen the complaint and dismiss it if it fails to state a claim upon which relief can be granted.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation

---

[1] Brown also alleges that he lost certain personal property, including a cell phone and cash, but provides no further details regarding this allegation. (Doc. 1, at 3).

with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because Brown is suing a prison official, bringing suit *in forma pauperis* and suing over a prison condition, all three provisions apply. "The [C]ourt's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a motion to dismiss." *Banks,* 568 F. Supp. 2d at 589. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks,* 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court

3

"need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d

4

103, 108 (3d Cir. 2002).

**III.   DISCUSSION**

    A.   DUE PROCESS CLAIM

Brown asserts a due process violation against Defendants Lowe, Frawley, and Wenzel for withholding his legal mail and confiscating his cell phone and cash. (Doc. 1, at 3). Where an alleged due process violation concerns the deprivation of property, there is no cause of action under § 1983 if an adequate post-deprivation remedy exists under state law. *Reid v. Bruce Seville*, No. 96-2577, 1996 WL 421901 (E.D. Pa. July 19, 1996); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1983) (ruling that the deprivation of inmate property by prison officials does not give rise to a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (holding that where a prisoner loses personal belongings due to negligence of correctional officers, no civil rights violation occurs if state has adequate post-deprivation remedy). The bar against recovery under § 1983 for a due process violation applies to both intentional and negligent deprivations by state agents where the alleged deprivation is "effected through random and unauthorized conduct." *Hudson*, 468 U.S. at 533. Thus, even if it could be demonstrated that Brown was intentionally deprived of his property, his claim would still be deficient if an adequate post-deprivation remedy process was available to Brown. *Morris v. Schompert*, No. 09-694, 2011 WL 4955169, at *5 (W.D. Pa. Sept. 13, 2011).

Here, an adequate post-deprivation state remedy was available to Brown. The Court of Appeals for the Third Circuit has held that a prison's grievance program and internal review process provide a post-deprivation remedy sufficient to satisfy due process. *Tillman v. Lebanon Cnty Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000); *see Reid v. Seville*, No. 96–2577, 1996 WL

5

421901, at *3-4 (E.D. Pa. July 19, 1996) (holding that because Pennsylvania tort law offers a remedy for prison officials' unlawful deprivation of inmate property, inmate failed to state a constitutional claim); *Austin v. Lehman*, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (finding that both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies). Brown was provided with an opportunity to file an administrative grievance and availed himself of that procedure, as evidenced by the grievance forms and responses appended to Brown's complaint and offered in support of his claims. (Doc. 1-1). Because Brown had the ability to grieve the loss of his property, he has no due process claim arising out of the withholding of his legal mail and confiscation of his personal property and it is therefore respectfully recommended that this claim be dismissed with prejudice.

B. FIRST AMENDMENT ACCESS-TO-THE-COURTS CLAIM

Brown alleges a violation of his right of access to the courts under the First Amendment against the above-captioned Defendants for failing to deliver months' worth of his legal mail to him, thereby preventing him from filing motions and petitions in relation to his underlying state criminal matter in a timely manner, which were ultimately denied, deemed moot, or waived. (Doc. 1, at 3). Additionally, Brown contends that he "lost the opportunity to decide on any plea agreements." (Doc. 1, at 3).

Prisoners maintain a "fundamental constitutional right of access to the courts," embodied in the First and Fourteenth Amendments. *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in preparing a defense against pending criminal charges. *See, e.g.*, *Prater v. City of Phila.*, 542 F. App'x 135, 136-37 (3d Cir. 2013) (not precedential); *May v. Sheahan*, 226 F.3d 876, 883-84 (7th Cir. 2000). Where, as

here, the prisoner asserts that defendants' actions have inhibited his opportunity to present a past legal claim, he must show (1) he suffered an actual injury—that is, that he lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim because of the alleged interference; and (2) he has no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial-of-access suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

Upon consideration of these factual averments forming the basis of Brown's complaint, it is clear that Brown's constitutional right of access to the courts has not been violated. Indeed, as discussed in detail herein, it is undisputed that Brown was represented by counsel throughout the time period in which he alleges he was deprived of his legal mail, which precludes him from prevailing on an access to the courts claim as a matter of law. *Commonwealth v. Brown*, No. CP-52-CR-0000222-2013 (Pike Cnty. C.C.P.). In addition, even if he were not represented by counsel, Brown has failed to demonstrate "actual injury."

### 1. Brown had meaningful access to the courts through his counsel.

As an initial matter, the state court docket sheet, of which the Court takes judicial notice,[2] reveals that Brown was represented by counsel throughout the time period in which he alleges he was deprived of his legal mail. *Commonwealth v. Brown*, No. CP-52-CR-0000222-2013 (Pike Cnty. C.C.P.). It is well established that "the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts." *Peterkin v. Jeffes*, 855 F.2d 1021,

---

[2] In addition to the complaint, the Court has considered the state court docket sheet entered in Brown's state criminal proceeding. *See Commonwealth v. Brown*, No. CP-52-CR-0000222-2013 (Pike Cnty. C.C.P.). This is a matter of public record of which the Court may properly take judicial notice in ruling on a motion to dismiss. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

1042 (3d Cir. 1988); *Prater*, 542 F. App'x at 137 ("[A]ppointment of counsel is sufficient to provide a pretrial detainee with meaningful access to the courts."). As other district courts within this Circuit have reasoned, "[i]f a prisoner has reasonable access to legal counsel then he has the means to prepare, serve and file whatever documents are necessary." *Russell v. Hendrick*, 376 F. Supp. 158, 160 (E.D. Pa. 1974); *Thorpe v. Little*, 804 F. Supp. 2d 174, 182 (D. Del. 2011) ("Where an inmate is represented by counsel, his right of access to the courts is satisfied as a matter of law.").

Here, Brown was not denied meaningful access to the courts because he was represented by court-appointed counsel, Mark E. Moulton, in his underlying state criminal proceeding. *Commonwealth v. Brown*, No. CP-52-CR-0000222-2013 (Pike Cnty. C.C.P.). The fact that Brown was represented by counsel in his criminal proceedings forecloses his access-to-the-courts claim as a matter of law. *See Pressley v. Johnson*, 268 F. App'x 181, 183 (3d Cir. 2008) (per curiam) (not precedential) (ruling that an alleged destruction of prisoner's legal materials did not deny access to courts where he was represented by counsel and received a jury trial on his civil rights claims); *Wilson v. Wittke*, 459 F. Supp. 1345, 1346 (E.D. Wis. 1978) ("[T]he plaintiff is represented by counsel and therefore has adequate access to the courts."); *Urbano v. McCorkle*, 334 F. Supp. 161, 164 (D.N.J. 1971) (finding no denial of access to the courts where prisoner was represented by counsel and was allowed reasonable contact with counsel), *aff'd*, 481 F.2d 1400 (3d Cir. 1973) (table). Brown does not allege, nor can he, that the Defendants prevented Brown from communicating with counsel or otherwise interfered with counsel's efforts in this case at any relevant stage in the state court proceedings. Indeed, Brown's counsel filed motions and a brief with the court during the period of time that Brown alleges he was without his legal mail. *Commonwealth v. Brown*, No. CP-52-CR-0000222-2013 (Pike Cnty. C.C.P.). Thus, Brown

still had adequate access to the court through his counsel's continued representation during his criminal matter. Accordingly, because Brown was represented by an attorney, his constitutional right of access to the courts was not impinged. See *Ward v. Aviles*, No. CV 11-6252, 2016 WL 1461753, at *2-3 (D.N.J. Apr. 13, 2016).

### 2. Brown did not suffer actual injury.

Alternatively, Brown cannot demonstrate he suffered actual injury because he pled guilty in his underlying criminal case with the assistance of counsel. *Commonwealth v. Brown*, No. CP-52-CR-0000222-2013 (Pike Cnty. C.C.P.). "Courts have found that entering a guilty plea, with the assistance of counsel, precludes pretrial detainees from later claiming they were denied meaningful access to the courts." *Ward*, 2016 WL 1461753, at *3 (citing *Carr v. Tousley*, No. CV–06–0125SJLQ2009, WL 1514661, at *34 (D. Idaho May 27, 2009) ("Plaintiff cannot complain of an injury based on inadequate legal resources because he was represented when he pled guilty . . . .")). At least one district court within the Third Circuit has dismissed a prisoner's access-to-the-courts claim where the prisoner was deprived of certain legal papers during a criminal proceeding because he ultimately pled guilty to his criminal charges. *See Reid v. Seville*, No. 96-2577, 1996 WL 421901 (E.D. Pa. July 19, 1996). The district court dismissed the prisoner's claim, reasoning that "[h]e cannot reasonably assert that his ability to . . . voluntarily [plead guilty] was influenced or affected by missing or detained documents." *Reid*, 1996 WL 421901, at *6.

Here, Brown's seemingly knowing, voluntary, and counseled guilty plea belies his claim of denial of access to the courts. This conclusion is bolstered by the fact that approximately five months had elapsed between the time Brown received all of his legal mail to when Brown pled guilty to the underlying charge with the assistance of counsel on May 15, 2014. (Doc. 1-1, at 1);

*Commonwealth v. Brown*, No. CP-52-CR-0000222-2013 (Pike Cnty. C.C.P.). Brown therefore had ample time to review the delayed mail with his counsel, prior to ultimately deciding to enter a knowing and voluntary guilty plea. As a result, Brown cannot now reasonably claim he suffered an actual injury amounting to denial of meaningful access to the courts. *See Ward*, 2016 WL 1461753, at *4. As Brown has failed to establish a prima facie claim of denial of access to the courts in violation of the First Amendment, the Court recommends dismissing the claim with prejudice.

### IV.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Here, leave to amend would be futile because the facts that Brown alleges in his complaint cannot amount to a constitutional violation, as: (1) there was an adequate state remedy in place; (2) Brown was represented by counsel throughout the time period in which he claimed he was denied his legal mail; and (3) Brown did not suffer actual injury because he knowingly and voluntarily pled guilty. It is therefore respectfully recommended that Brown not be granted leave to file an amended complaint, and that all claims against Defendants Lowe, Frawley, and Wenzel be dismissed with prejudice.

### V.   PLRA "THREE STRIKES" WARNING

Brown is hereby notified that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915,

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, it is recommended that Brown's complaint be dismissed for failure to state a claim upon which relief can be granted. If this recommended disposition is adopted by the presiding United States District Judge, the dismissal of this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) will constitute a "strike" under 28 U.S.C. § 1915(g), and the accumulation of additional strikes may bar Brown from proceeding *in forma pauperis* in later cases absent a showing of imminent danger. *See generally Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule). Therefore, if adopted, this will constitute Brown's second strike. *See Brown v. Schwartz*, No. 1:15-cv-01504, 2015 WL 7423529, at *2 (M.D. Pa. November 23, 2015) (dismissing an earlier civil rights action by Brown as legally frivolous and for failure to state a claim upon which relief can be granted).

VI. **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Brown's complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief can be granted; and

2. The Clerk's Office be directed to **CLOSE** this case.

BY THE COURT:

Dated: June 22, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BROWN,<br><br>                    Plaintiff,<br><br>        v.<br><br>CRAIG A. LOWE, et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 1:15-CV-02373<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 22, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 22, 2016**                                                            *s/ Karoline Mehalchick*
                                                                                                **KAROLINE MEHALCHICK**
                                                                                                **United States Magistrate Judge**