IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER BROWN, : | | |
|     **Plaintiff** : | | |
| : | No. 15-cv-02373 | |
| v. : | | |
| : | (Judge Kane) | |
| : | (Magistrate Judge Mehalchick) | |
| **CRAIG A. LOWE, et al.,** : | | |
|     **Defendants** : | | |
| : | | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On June 22, 2016, Magistrate Judge Mehalchick issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's pro se, in forma pauperis civil rights complaint with prejudice pursuant to 28 U.S.C. § 1915(e).  (Doc. No. 13.)  In particular, Magistrate Judge Mehalchick found that (1) the temporary withholding of Plaintiff's personal and legal mail did not amount to a procedural due process violation because the prison grievance system provides an adequate post-deprivation remedy, and that (2) Plaintiff has failed to state an access-to-courts claim with regard to his pending criminal case because he was represented by counsel and entered a guilty plea with counsel's assistance several months after eventually receiving his mail.  (Id. at 5-11.)  Finally, Magistrate Judge Mehalchick recommends that Plaintiff be given a strike for purposes of the Prison Litigation Reform Act's restriction on repeated in forma pauperis cases by inmates that lack merit.  (Id. at 11-12.)

After an extension of time, Plaintiff filed objections to Magistrate Judge Mehalchick's Report and Recommendation.  Plaintiff argues that (1) Plaintiff has stated a procedural due

process claim because he exhausted his prison grievance remedies;[1] and (2) he has stated a First Amendment violation.[2]  (Doc. No. 19 at 3-4.)

The Court finds that Magistrate Judge Mehalchick correctly and comprehensively addressed the substance of Plaintiff's objections in the Report and Recommendation itself. Accordingly, the Court will not write separately to address Plaintiff's objections, except as noted in the margin.

**AND SO**, on this 22nd day of August 2016, upon review of the record and the applicable law, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 13), is **ADOPTED**;

2. Plaintiff's complaint (Doc. No. 1), is **DISMISSED WITH PREJUDICE**; and

3. The Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[1] Plaintiff appears to have misunderstood Magistrate Judge Mehalchick's Report and Recommendation.  The recommendation was not based on any failure on Plaintiff's part to exhaust his remedies.  (See Doc. No. 13 at 5-6.)  Instead, Magistrate Judge Mehalchick correctly found that where the grievance procedure itself provided an adequate post-deprivation procedure, there can be no federal claim for a violation of his right to procedural due process.  (See id.) (citing Parratt v. Taylor, 451 U.S. 527, 543-44 (1981)).

[2] Plaintiff's objection may be read as arguing that Magistrate Judge Mehalchick improperly construed his general First Amendment claim as an access-to-courts claim.  (See Doc. No. 19 at 3.)  To the extent Plaintiff's complaint sought to bring a claim that prison policy impermissibly burdened his First Amendment rights more generally, that claim lacks merit.  The Court recognizes that "[a] state pattern and practice … of opening legal mail outside the presence of the addressee inmate interferes with protected communications … and accordingly impinges upon the inmate's right to freedom of speech."  Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006). However, Plaintiff has argued that the prison's actions in his case were an aberrant action in violation of stated prison policy.  (See Doc. No. 1-1 at 2) (reciting prison policy against opening legal mail outside the presence of the inmate on grievance form).  Consequently, the Court will adopt Magistrate Judge Mehalchick's Report and Recommendation over Plaintiff's objection.